

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No.  4:14CR /65 |
| v. | § | Judge *Schell* |
| | § | |
| FLORENCE B. KROMA  aka | § | |
| Florence Kamara, Florence Koroma, | § | |
| Florence Bangura | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Counts One through Three

Violation: 18 U.S.C. § 1347
(Health Care Fraud)

Introduction

At all times material to this Indictment:

### The Medicare Program

1.    Medicare is a federal program codified under Title 18 of the Social Security Act (42 U.S.C. §1395 et seq.), and defined as a "health care benefit program" by 18 U.S.C. §24(b) and 42 U.S.C. §1320a-7b(f).   Medicare provides health care benefits to certain individuals, including those age 65 years or older, blind, or disables.   Individuals who receive benefits under Medicare are often referred to as "beneficiaries."

2.    Medicare beneficiaries are covered for the cost of treatment and services provided by a physician or other medical personnel, at home, in a nursing home, skilled nursing facility, and Long-Term Acute Care (L-TAC).

**KROMA INDICTMENT–PAGE  1**

3.     Home health services provided by licenses medical professionals at a patient's residence and are paid for as "Medicare Part A" payments through Medicare's Hospital Insurance program. Examples of home health services include: intermittent skilled nursing services, physical therapy, and speech-language pathology.   Skilled nursing services include the monitoring of blood sugar levels and the daily administration of insulin to insulin-dependent diabetic Medicare beneficiaries.

4.     Federal regulations mandate that all of the following requirements must be met for home health services to be covered and reimbursable by Medicare:

  a.  The beneficiary must be confined to the home or an institution that is not a hospital;
  b.  The beneficiary must be under the care of a physician who established the plan of care;
  c.  The beneficiary must be in need of skilled services such as intermittent skilled nursing services, physical therapy, speech-language pathology service, or continuing occupational therapy services;
  d.  The beneficiary must be under a plan of care that meets the requirement specific in 42 CFR §409.43, specifying the medical treatments to be furnished as well as the type of home health discipline that will furnish the ordered services and at what frequency the services will be furnished; and
  e.  The home health services must be provided by, or under arrangements made by, a Medicare-approved home health agency.

5.     To determine the proper level of care for a patient and ultimately the amount of payment a home health agency will receive, Medicare requires that home health care agencies perform a comprehensive assessment of the patient that accurately reflects the patient's current health and provides information to measure his or her progress.   In making this assessment, home health care agencies are required to complete a form call the Outcome and Assessment Information Set (OASIS).   With limited exception, the OASIS assessment must be complete by a registered nurse who completes a detailed checklist after examining the prospective patient.   Among other things,

**KROMA INDICTMENT–PAGE 2**

the OASIS contains a projection of the minimum number and type of treatments the patient will need through home health care. The number of home health care visits is used by Medicare to determine the compensation to the home health care agency.

6.    In Texas, Medicare contracted with Palmetto GBA to administer claims. As administrators, Palmetto GBA adjudicated and paid claims submitted by Medicare providers for skilled nursing and home health aide visits.

7.    Medicare reimburses home health care agencies using a prospective payment system that pays for treatment rendered in 60-day episodes.   If the beneficiary is still eligible for home health after an initial episode of care, he or she may be re-certified for subsequent 60-day home health episodes.

8.    Medicare regulations require medical providers to maintain complete and accurate medical records reflecting the medical assessment, diagnoses, and treatment and services provided to the beneficiary.   These medical records were required to be sufficient to permit Medicare, through its claims administrators, to review the appropriateness of Medicare payments made to providers.

9.    Healthcare Common Procedure Coding System (HCPCS) codes were used to describe the service to the beneficiary in a Medicare claim.   By submitting claims using HCPCS codes, providers represented to Medicare that the services described by the codes were, in fact, provided.

10.    Providers were paid for medical services based upon the information contained in the claim forms submitted for payment. Each claim submitted is required to include the following:

    a.    The beneficiary's name and health insurance claim number (HICN);
    b.    The provider's name and NPI;
    c.    The beneficiary's diagnosis;

**KROMA INDICTMENT–PAGE 3**

d. The date when the service was provided;

e. The service HCPCS code(s); and

f. The provider's signature certifying that the services and procedures were (1) medically necessary for the health of the patient; (2) actually provided by the medical provider making the claim; and (3) adequately documented in the patient's medical treatment records.

11. Claims were filed electronically within one year from the date of service.   Medicare payments to the provider were made by electronic funds transfer directly into the provider's bank account.

12. Medicare providers signed an agreement with Medicare in which they stated that they were familiar with Medicare's billing requirements and they agreed not to submit false or fraudulent claims.

13. The defendant, **Florence Kroma (Kroma)**, lived at 2632 Valencia Lane, Denton, Texas, in the Eastern District of Texas.   **Kroma** was a Registered Nurse, Texas license number 629169, and owned and operated Mount Zion Home Health Agency, LLC (Mt. Zion), located at 3113 Widgeon Lane, Denton, Texas, in the Eastern District of Texas.   The National Plan and Provider Enumeration System (NPPES) assigned Mt. Zion National Provider Identifier (NPI) number 1740363860 and on or about January 25, 2007, Mt. Zion became a Medicare provider.

The Scheme and Artifice to Defraud

14.    Between on or about April 4, 2008, and on or about October 11, 2013, in the Eastern District of Texas and elsewhere, **Kroma**, through Mt. Zion, devised and intended to devise a scheme and artifice to defraud Medicare, a health care benefit program as defined in 18 U.S.C. §24(b), and to obtain money and property from Medicare in connection with the delivery of and payment for health care benefits, items, and services.   **Kroma** submitted or caused to be

KROMA INDICTMENT–PAGE 4

submitted materially false and fraudulent claims to Medicare, claiming services provided to

beneficiaries and seeking reimbursement knowing that the services were neither delivered nor

provided.

15.     In execution of the scheme and artifice to defraud, in the Eastern District of Texas and

elsewhere, **Kroma**, in connection with the delivery and payment for health care benefits, items,

and services, knowingly and willfully defrauded Medicare by submitting or causing to be

submitted to Medicare materially false and fraudulent claims in the name of Mt. Zion, and

obtained money and property from Medicare by materially false and fraudulent pretenses, as

represented in each Count below:

| Count | Episode of Service | Beneficiary (initials) | Date Claim Submitted | Medicare Payment |
|-------|-------------------|------------------------|----------------------|------------------|
| 1 | March 17, 2011 - May 15, 2011 | A.E. | May 31, 2011 | $2,178.44 |
| 2 | May 16, 2011 – July 14, 2011 | A.E. | July 18, 2011 | $2,178.44 |
| 3 | July 8, 2013 – Sept. 5, 2013 | C.B. | Sept. 11, 2013 | $2,517.60 |

16.     In an attempt to conceal her criminal activities, **Kroma** paid G.N. $1,000 to persuade

G.N. not to report the fraudulent billing to Medicare.

17.     **Kroma**'s cumulative fraudulent actions resulted in payments of at least $491,488.63 to

**Kroma**, who diverted the fraudulently obtained proceeds for her personal use and benefit.

Each Count in violation of 18 U.S.C. § 1347.

## NOTICE OF INTENT TO SEEK FORFEITURE
### Pursuant to 18 U.S.C. §§ 982(a)(7) & 28 U.S.C. § 2461

As the result of violating 18 U.S.C. § 1347 as alleged in this indictment, **Kroma** shall forfeit to the United States of America all property, real or personal, that constitutes or is derived from proceeds traceable to the aforementioned violations, including but not limited to the following:

    i.      Cash proceeds in the amount of at least $491,488.63 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the foregoing offenses alleged in this indictment.

    ii.     Any and all professional licenses held by **Kroma**

### Substitute Assets

If any of the property described above as being subject to forfeiture, as a result of any act or omission by **Kroma**–

    (a)     cannot be located upon the exercise of due diligence;
    (b)     has been transferred or sold to, or deposited with a third person;
    (c)     has been placed beyond the jurisdiction of the court;
    (d)     has been substantially diminished in value; or
    (e)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 984, to seek forfeiture of any other property up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by **Kroma**.

By virtue of the commission of the offenses alleged in this indictment, any and all interest **Kroma** has in the above-described property is vested in and forfeited to the United States.

**KROMA INDICTMENT–PAGE 6**

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY


CAMELIA LOPEZ
Assistant United States Attorney

10-8-14
_____
Date

**KROMA INDICTMENT–PAGE 7**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No.  4:14CR___ |
| v. | § | Judge |
| | § | |
| FLORENCE B. KROMA  aka | § | |
| Florence Kamara, Florence Koroma | § | |

## **NOTICE OF PENALTY**

### **Counts One through Three**

Violation:        18 U.S.C. §1347, Health Care Fraud

Penalty:          For each count, imprisonment for not more than ten years, a fine not
to exceed $250,000, or the greater of twice the gross gain to the
defendant or twice the gross loss to the victim; and a term of
supervised release of not more than three years.

Special Assessment:   For each count, $100.00

**KROMA INDICTMENT–PAGE 8**